**United States District Court**
**For the District of New Jersey**
**Clerk's Office**
**402 E. State Street**
**Office Room 2020**
**Trenton, NJ 08608**

Lorenzo Barnes
**Plaintiff(s)**

V.

Case No

David E. Ortiz
Ravi Sood
Dr. IBE
Mr. Wilks
Lt. Decker
Raja Gilyard
**Defendant(s)**

**The Parties to this Complaint**
**The Plaintiff(s)**
Lorenzo Barnes
#92644083
FCI Fort Dix
Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

1

**The Defendant (s)**
David E. Ortiz, Deputy Warden
FCI Fort Dix, P.O. Box 38, Joint Base MDL, NJ 08640 (sued in both individual and official capacity)

Dr. Ravi Sood, Site Medical Physician
FCI Fort Dix, P.O. Box 38, Joint Base MDL, NJ 08640 (sued in both individual and official capacity)

Dr. IBE Site Physician Assistant
FCI Fort Dix, P.O. Box 38, Joint Base MDL, NJ 08640 (sued in both individual and official capacity)

Mr. Wilks, Director of Treatment
FCI Fort Dix, P.O. Box 38, Joint Base MDL, NJ 08640 (sued in both individual and official capacity)

Lt. Decker, Section Chief
FCI Fort Dix, P.O. Box 38, Joint Base MDL, NJ 08640 (sued in both individual and official capacity)

Ms. Raja Gilyard, Unit Manager
FCI Fort Dix, P.O. Box 38, Joint Base MDL, NJ 08640 (sued in both individual and official capacity)

**Preliminary Statement**
This is a civil rights action filed by Lorenzo Barnes, a Federal prisoner, for damages and injunctive relief under 42 U.S.C. 1983 alleging excessive use of force and denial of medical are in violation of the Eighth Amendment of the United States Constitution and confinement in segregation in violation of the Due Process Clause of the Fourteenth Amendment the United States Constitution. The Plaintiff also alleges claim under the torts law denial of access to medical and negligence.

## Jurisdiction

1. The Court has jurisdiction over the Plaintiff's claim of violation of Federal Constitution Rights under 42 U.S.C. 1331 (a) and 1343.

2. The Court has supplemental jurisdiction over the Plaintiff's state law tort claims under 28 U.S.C. 1367

## Facts

3. The month of April 2019, the Plaintiff was shipped to FCI Fort Dix Joint Base MDL, New Jersey to serve a Federal sentence. He was housed in Building 5803, room 220, 5 upper that is a top Bunk, 12 man cell. He was expecting a scheduled surgery on right decapitated thumb and wounds to the left leg suffered from gunshot. Plaintiff stayed on top bunk a couple months until a bottom bunk in his room became available.

4. For 13 months, since arriving to FCI Fort Dix, the plaintiff would notify authorities of the excruciating pain he was enduring by requesting medical attention through sick call on site procedures. He requested medical attention from the extreme pain, numbness in his hand and nonstop shooting pain in his chest. In the plaintiff's presentenced report, the Judge ordered any surgeries that were scheduled to be performed while in county jail to continue when the plaintiff reaches his Federal Confinement destination.

5. Plaintiff had leg injury from gunshot to the leg and was placed on the second floor on a top bunk. Plaintiff also had 2 metal pins holding his thumb together from the first surgery. When plaintiff arrived to FCI Fort Dix, the paperwork from his presentence report addresses the medical staff at FCI Fort Dix, stating that he would need another surgery. The medical doctors at FCI Fort Dix told plaintiff they would not perform the surgery.

6. Months later from lack of medical attention, jumping up and down from off a top bunk, and negligence on the part of the FCI medical and administrative personnel, one of the pins in plaintiff's decapitated thumb broke causing severe pain. The plaintiff suffered and continues to suffer excruciating pain for months. The dislodged broken pin caused an infection and could result in surgical removal of thumb. After weeks of suffering and requesting medical attention, the medical personnel administered antibiotics to the plaintiff. At no time have the FCI Fort Dix administrative authorized transport to outsourced medical facility to perform

the necessary operation and procedures and surgery to restore his hand to proper use to alleviate further contamination of blood system from infection and to promote the health of the plaintiff.

7. Months later an orthopedic surgeon came to FCI Ft Dix, compound site for a follow-up evaluation. He stated to the plaintiff that the worsen pain and pain level could not be fixed at this facility because of the need for extensive surgery. Orthopedic surgeon recommended transferring plaintiff to a medical hospital so that plaintiff could undergo extensive therapy and surgery. The recommendation made by the orthopedic surgeon was in line with the same orders the judge made a year earlier during presentencing and sentencing.

8. From September 20, 2020, to November 10, 2020, plaintiff was placed in approximately 4 sick calls a day. Plaintiff has received NO medical response to his medical sick calls requests for site or off site medical care and treatment. Plaintiff has not been seen by any medical personnel nor has plaintiff received any explanation for the lack of response. Plaintiff also requested refills via computer request. Plaintiff has however received refills of pain medicine on November 9, 2020. Plaintiff was called to the medical department where he received two separate prescription pills of antibiotics for the foul odor emitting from his infected hand.

9. Plaintiff was placed in a quarantine unit for 14 days preparing for him for a transfer to a medical facility, FCI Butner, North Carolina. During plaintiff's stay in the quarantine unit, Dr. Sood wrote a consultation request for the orthopedic surgery on November 9, 2020. Plaintiff never received surgery nor a follow-up scheduled for December 11, 2020. The delay in medical treatment is considered negligence and a denial of access to proper medical attention which violates plaintiff Constitution rights under 42 U.S.C. 1331 (a) and 1343.

10. For months the plaintiff wrote notes about the concern he had with the medical conditions and complaints he had toward staff members who failed to perform due diligence as it relates to their duty to ensure medical attention and care was given to plaintiff and that plaintiff's constitutional rights upheld.

11. Plaintiff inform medical personnel via sick calls request for at approximately 13 months while enduring extreme pain and increase the risk of health related problems the plaintiff were also suffering; chest pains, asthma problems, shooting throbbing abnormal pain in right hand. Plaintiff has exhausted Administrative Remedies and Administrative Procedures.

4

12. Plaintiff was housed on the 2nd floor forced walk stairs with injured leg. Plaintiff slept on a top bund that caused further damage to his injured leg. The constant jumping up and down to attend to personal hygiene needs, toiletry need, roll count formation, increased damaged to plaintiff injured hand and leg.

13. On May 28, 2020 plaintiff was transferred to an offsite orthopedic to remove the broken hanging medical pins from his hand. Weeks earlier the plaintiff notified one of the unit officers of the excruciating pain caused by the broken pin, plaintiff was immediately rushed and transported to the offsite medical building.

14. A physical exam was completed; the medical staff noticed the hanging medal pin and infection in plaintiff hand. The medical personnel prescribed plaintiff antibiotics in the form of a pill. An Antibiotic shot was also administered to his left hip. After the antibiotics were given, plaintiff was sent back to his unit, FCI Ft Dix to continue to endure the pain of metal pin still hanging from his hand. The medical staff did not remove the metal pin which was causing the infection.

15. After weeks of constant excruciating pain and several submission of sick call request for further medical attention, Mr. Wilks came to plaintiffs' unit with stacks of paper saying they have scheduled a surgery date and needed plaintiff's signature of permission to operate. Mr. Wilks also stated the forms he requested the plaintiff to sign gave permission to transport plaintiff to offsite medical facility.

16. Mr. Wilks also notified the plaintiff that his signature was needed to verify the surgery had been completed days before the surgery was performed. Mr. Wilks stated that the plaintiff signature was needed to prove the problem has been fixed and resolved. Under duress of extreme pain, and heavily medicated, the plaintiff signed the papers. Plaintiff was not fully coherent during this verbal discourse and signing of papers.

17. Before Mr. Wilks left the plaintiff, Mr. Wilks told the plaintiff the surgery date was three to four days away. Mr. Wilks told the Plaintiff that he was pre-signing the approval documents before the surgery actual is performed. Mr. Wilks further stated that he was disclosing secure information but he wanted the plaintiff to know that his current state of medical emergency would be handled and surgery would take place the following week. The plaintiff signed the paper on a Friday. NO recourse of medical attention was ever manifested as stated by Mr. Wilks. The Plaintiff signed under duress of enduring extreme pain and being heavily

5

medicated. Mr. Wilks intentional mislead plaintiff and falsified medical documentation.

18. After speaking with a more seasoned and mature incarcerated individual that had previously had surgery, he advised the plaintiff that the forms he signed should not have been signed until the surgery was completed. Resolution to the impaired, disabled and infected hand was not complete. Plaintiff contacted Mr. Wilks concerning the forms that was signed in error before surgery was actually completed.

19. Mr. Wilks NEVER came back to see plaintiff or bring back copies of the forms with the plaintiff signature stating the injury was taken care of and that surgery was complete . For the next couple days, Plaintiff's hand had become more swollen with infection and extremely painful.

20. On May 28, 2020 surgery was completed and the hand was infected, swollen and in very bad conditions. Plaintiff was told he would have a check-up and evaluation. Days turned into weeks that checkup was never issued.

21. On July 1, 2020 plaintiff put in a sick call a month after surgery wanting to know why a follow-up evaluation never took place. July 14, 2020 plaintiff started the Administrative Remedy process to write up Medical staff for negligence and denial of help for injuries.

22. For months plaintiff experienced worsen injuries to his leg and hand resulting for being housed on a top bunk within his unit. And their delay of medical help with medal hanging from plaintiff hand caused extreme pain, sensitive and swollen infected skill surrounding the injured hand. Mr. Wilks forced plaintiff to sign forms stating that the surgery was complete when in fact the surgery did not take place until days after the Plaintiff's signature was forced. During the signing of the statement by the plaintiff, the plaintiff was incoherent due being heavily medicated from antibiotic shots and pain medication received.

### Parties

23. The Plaintiff, Lorenzo Barnes was incarcerated at FCI Fort Dix Federal Prison during the events described in this complaint.

24. Defendant, Dr. Ravi Sood is the Physician employed at FCI Fort Dix, being sued in official capacity and individual capacity.

6

25. Defendant, Dr. IBE is the Physician Assistant and is being sued in official capacity and individual capacity.
26. Defendant, David E. Ortiz is the Deputy Warden and is being sued in official capacity and individual capacity.

27. Defendant, Mr. Wilks is the Director of Treatment and is being sued in official capacity and individual capacity.

28. Defendant, Lt. Decker is Section Chief and is being sued in official capacity and individual capacity.

29. Defendant, Ms. Raja Gilyard is Unit Manager is being sued in official capacity and individual capacity.

### Denial of Medical Care

30. May 28, 2020 the procedure was completed and the medal that was hanging from plaintiff hand was removed. He was told he needed to continue to take antibiotics because he had an open wound.

31. Plaintiff was told he would receive a follow-up check up and evaluation. Plaintiff never received the evaluation. On July 1, 2020 plaintiff took upon himself to put in a sick call for injuries.

32. Eventually the plaintiff was scheduled for an in house follow-up evaluation with the orthopedic surgeon. It was stated and believed that if the plaintiff is not properly provided with physical therapy as directed by Dr. Gilbert his formal attending surgeon in collaboration with current Site Physician Dr. Sood, that there would be a risk of permanent disability.

33. Plaintiff was also supposed to have another surgery that was never scheduled or performed. Medical doctors at FCI Fort Dix said they will not perform the surgery even though the recommendation from formal attending Physical, Dr. Gilbert was given. Therefore the medical Orthopedic recommended transfer to Medical Hospital at FCI Butner Federal Correctional Institution, North Carolina.

34. Months later after talking with the orthopedic specialist, plaintiff injured became worst. From September 20, 2020 to November 10, 2020, plaintiff put in 3 to 4 sick calls a day and received NO response. Only refills on pain medicine that he requested via the computer online Medical referral request system. During that

7

time period while completing and submitting all the requests for medical sick calls, the plaintiff was not seen by any medical personnel nor did he receive a response to his many medical requests for medical attention.

35. On November 4, 2020 he was called to medical where he receive two separate antibiotic prescriptions, 9 pills a piece and a shot in his left hip for the infection in his hand that now has a odor.

36. On November 9, 2020, Dr. Sood put in a Consultation Request for Orthopedic Surgery; follow up evaluation scheduled for December 11, 2020. On November 10, 2020 Plaintiff was put in a quarantine building, awaiting transfer to FCI Butner, North Carolina, and a medical hospital facility where his injuries and infection of the hand can be properly treated plaintiff. Plaintiff did not receive the requested consultation recommendation for orthopedic surgery by Dr. Sood nor did plaintiff receive follow-up evaluation. The Dr. Sood requests were not posted until December 23, 2020. After approximately 100 days, Plaintiff is still in quarantine at FCI Fort Dix, awaiting transfer to FCI Butner, North Carolina.

## Claims of Relief

37. The actions of Defendants: Dr. Ravi Sood, Dr. IBE, Mr. Wilks, Mr. David E. Ortiz and Ms. Raja Gilyard of Negligence and Denial of Access to Medical Attention are in violation of the law eighth amendment right, cruel and unusual punishment against, Plaintiff Lorenzo Barnes.

38. The actions of Defendant: Dr. Ravi Sood, Dr. IBE, Mr. Wilks, Mr. David E. Ortiz and Ms. Raja Gilyard with negligence in not providing plaintiff with first floor pass also bottom bunk pass the first day plaintiff arrived at FCI Ft Dix.

39. Failure of Defendants Dr. Ravi Sood and Dr. IBE, to appoint physical therapy orders and doctor orders to complete another surgery on Plaintiff while under the care of FCI Ft Dix. Failure by Dr. Sood to put in a consultation request for orthopedic surgery on November 9, 2020 and request follow-up evaluation which was approved on December 11, 2020. Plaintiff was locked in quarantine on November 10, 2020 before the scheduled surgery and no medical personnel or administrative personnel authorized his removal from quarantine to receive surgery. Plaintiff did not receive surgery.

40. The failure of Defendants Warden David E. Ortiz, Dr. Ravi Sood, Dr. IBE and Mr. Wilks, and Ms. Raja Gilyard to provide pain medicine, antibiotics, physical therapy sessions and the perform the final hand surgery; the failure to follow-up on plaintiff broken thumb and infected hand constituted deliberate indifference to the

8

plaintiff serious medical needs which is in violation of the eighth amendment rights, against cruel and unusual punishment. The warden failed to investigate the incident to determine why the plaintiff pins had broken through his skin for weeks with no staff personnel neither being knowledgeable and aware, nor taking proper steps to provide medical attention to plaintiff. Due diligence was not performed by said staff personnel resulting in infection of the hand which a visible odorous sign of infection.

41. The failure of Defendants Dr. Ravi Sood, Dr. IBE, and Mr. Wilks to provide surgery for plaintiff before medal pins broke through the skin causing infection and extreme pain and discomfort; and failure to provide physical therapy for hand constitutes the tort of negligence under the law of eight amendment right against cruel and unusual punishment.

### Claims of Relief

Legal Standard 1 (Claims of Relief) United States of America Failed to inform, educate and or train employees in the danger of not properly caring and tending to open wounds caused by gunshot. Not wrapping and first cleansing wound thoroughly.

Legal Standard 2 (Claims of Relief) David E. Ortiz, Warden of FCI Fort Dix failed to provide plaintiff with a safe living environment. Plaintiff, Lorenzo Barnes was had just recently had surgery and upon his arrival was force to sleep on a top bunk for 3 months with an extremely injured hand also while suffering injury to his left leg from gunshot wound. Plaintiff should have had a first floor pass and bottom bunk pass.

Legal Standard 3 (Claims of Relief) Dr. Ravi Sood and Dr. IBE failed to protect the plaintiff by way of negligence treating medal hanging out of open wound, also not providing physical therapy for injuries which was authorized by medical orders.

Legal Standard 4 (Claims of Relief) Dr. Ravi Sood and Dr. IBE failed to notify plaintiff of infections and failed to operate immediately and failed to treat open wounds as an emergency medical situation. Medical staff failed to notify Plaintiff of the danger resulting for their poor treatment and proper care of open wound.

Legal Standard 5 (Claims of Relief) David E. Ortiz, Warden Failed to thoroughly investigate plaintiffs hand injury and the time it took staff to remove foreign object from plaintiffs hand. His negligence caused the plaintiff to become extremely

infected and also led to several other health issues. From September 20, 2020 to November 10, 2020 Plaintiff was denied all medical attention, no staff responded to his request for medical attention. It is reasonable to state Dr. Ravi Sood lied by failing to ensure the orthopedic surgery was performed on November 9, 2020 and failing to ensure the follow-up evaluation was completed on December 11, 2020.

Legal Standard 6 (Claims of Relief) Lt. Decker, Section Chief, failed reviews medical documentation in the prison system of plaintiff medial emergency and failed to evaluate and make a thorough observation of the plaintiff's current medical duress and current need for medical attention. Negligence and blatant disregard for the welfare of the plaintiff is noted by Lt Decker placed plaintiff in the hold, more confined prison cell to prevent plaintiff from having access system sick call computer and to prevent the plaintiff from seeking the necessary medical attention. This constitutes intentional infliction of physical and emotional distress and undue confinement against plaintiff constitutional rights under the eighth amendment. Plaintiff was disciplined by Lt Decker for simply requesting medical help via the prison authorized email online request system. Lt. Decker further showed little regard for Plaintiff disability and difficulty climbing atop a top bunk. Lt. Decker assigned Plaintiff a top bunk in the holding area which is against the mandates to provide reasoning care to injured and disabled plaintiff.

Legal Standard 7 (Claims of Relief) Ms. Raja Gilyard, Unit Manager failed to properly perform due diligence accountability and welfare checks to ensure plaintiffs was not in medical duress or in need of emergency medical care. Ms. Raja Gilyard onsite checks were not conducted. Ms. Raja Gilyard failed to make routinely observation and safety check of said unit, thereby failing to observe the dire medical need of the plaintiff. Her failure to perform accountability check, welfare, checks and safety checks resulting in the failure to inform proper medical personnel of the medical emergency of Plaintiff due to an infection in his hand.

### **Relief Requested**
Issue a Declaratory Judgment stating that "Defendant Dr. Ravi Sood, and Defendant Dr. IBE and Defendant Mr. Wilks actions in failing to provide adequate medical care for the plaintiff violated and continue to violate the plaintiff's rights under the eighth amendment of the Unites States Constitution.

Issue an Injunction ordering Defendants, Mr. Wilks, Dr. Ravi Sood, Dr. IBE, and Warden David E. Ortiz to:
Immediately arrange for plaintiff need for physical therapy and surgery ordered by Surgeon Dr. Gilbert to be performed and evaluated with expertise in treatment and

restoration of function of broken thumb. Carry out without delay the treatment directed by Surgeon Dr. Gilbert.

Issue an Injunction ordering Defendants Dr. Ravi Sood, Dr.IBE, Mr. Wilks, and David E. Ortiz to:
Release the plaintiff to a medical facility where he can receive better medical attention, evaluation and observation. Grant Plaintiff final Surgery and physical therapy.

Award Compensatory Damages in the following Amount against each Defendant: $3,000,000.00 jointly and individually against Defendants Dr. Ravi Sood, Dr. IBE, Mr. Wilks, David E. Ortiz, Lt. Decker, and Ms. Raja Gilyard for the physical and emotional injuries sustained as a result of the Defendants negligent medical attention and care which resulted in an infection of Plaintiff's hand and serious hand injures causing both physical and emotion stress.

Grant such other relief as it may appear that plaintiff is entitled to (i.e. Lifetime medical insurance)

I agree to provide the Clerk's Office with any changes to my address where Case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.
Respectfully Submitted

Date of signing          February 10, 2021

Signature of Plaintiff   *Lorenzo Barnes By Marnie Barly-Kidd Attorney-in-Fact*

Printed Name of Plaintiff   Lorenzo Barnes

Prison Identification Number   #92644083

Prison Address   FCI Fort Dix
Federal Correctional Institution
P. O. Box 2000
Joint Base MDL, NJ 08640

11